**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **DAVID B. RUBIN, TERRY S.** | § | **CIVIL ACTION NO.** |
| **NEWMAN, STEPHEN** | § | |
| **SKOWRONEK, SUSAN JACOBS** | § | |
| **SKOWRONEK, MICHAEL** | § | |
| **SKOWRONEK AND MICHAEL E.** | § | **3:15-CV-01565 (VAB)** |
| **SESSINE, individually and on behalf of** | § | |
| **all others similarly situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | |
| | § | |
| **VOLKSWAGEN GROUP OF** | § | |
| **AMERICA, INC., and** | § | |
| **VOLKSWAGEN** | § | **NOVEMBER 2, 2015** |
| **AKTIENGESELLSCHAFT d/b/a** | § | |
| **VOLKSWAGEN GROUP and/or** | § | |
| **VOLKSWAGEN AG,** | | |
| | | |
| **Defendants.** | | |

## VOLKSWAGEN GROUP OF AMERICA, INC.'S ASSENTED-TO MOTION TO STAY

Defendant Volkswagen Group of America, Inc. ("VWGoA") hereby moves, with

Plaintiffs' assent, for an Order staying all proceedings in this Action, including the filing of

responsive pleadings or motions, pending the determination by the Judicial Panel on Multidistrict

Litigation ("JPMDL") of a Motion for Transfer and Centralization of all Related Cases (the

"MDL Motion").

## I.    BACKGROUND

Plaintiffs David B. Rubin, Terry S. Newman, Susan Jacobs Skowronek, Stephen

Skowronek, Michael E. Sessine, and Michael Skowronek (the "Rubin Plaintiffs") returned

service of their Complaint on October 22, 2015 in the Connecticut Superior Court, Judicial

District of New Haven, after serving it on VWGoA on October 13, 2015.  On October 27, 2015

VWGoA removed the state-court action to this Court under, 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4.

The above-captioned action is one of over 340 putative class actions (and counting) presently pending in over thirty federal districts, in the state of Connecticut, and throughout the country (the "Related Cases").  The Rubin Plaintiffs' allegations follow the widely publicized Environmental Protection Agency Notice of Violation, dated September 18, 2015, concerning the alleged installation of emissions testing "defeat devices" in certain Volkswagen and Audi automobiles equipped with a 2.0 liter diesel engine.  New class action complaints are being filed in state and federal courts each day, asserting similar allegations and claims against Volkswagen and Audi defendants.  The Related Cases involve the same putative class of vehicles.  The Rubin Plaintiffs followed on the heals of a putative class action filed in the Federal District Court for the District of Connecticut Court at New Haven, which this Court has already stayed.  *Mizak v. VWGoA*, No. 3:15-CV-01429-VAB, ECF No. 16 (D. Conn. Oct. 19, 2015).

The Rubin Plaintiffs sued a little more than two weeks after the MDL Motion was filed in the JPMDL.  Additional motions for transfer have followed in other courts across the nation. The motions seek to consolidate cases (as well as future tag-along actions) in a single Federal District Court for pretrial proceedings.  The JPMDL has designated the Related Cases for inclusion in *In re: Volkswagen 'Clean Diesel' Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672.  The Clerk of the Panel set a briefing schedule requiring all responses to the MDL Motion by October 20, 2015, and a hearing date of December 3, 2015 has been set in New Orleans, Louisiana.

On October 27, 2015 counsel for VWGoA Paul Williams contacted counsel to the Rubin Plaintiffs, Ann Rubin, and Attorney Rubin responded on October 30, 2015 that Plaintiffs assent to a stay in this case.

## II.    THE COURT SHOULD STAY THIS CASE

VWGoA and/or its corporate affiliates are defendants in each of the Related Actions. This supports transfer of the Related Cases, including the instant case, for coordinated or consolidated pretrial proceedings.  Given the extraordinary and daily increasing number of similar putative class actions and their unprecedented geographic scope, it is anticipated that the MDL Motion will be granted.  The Related Cases cry out for deferral to orderly and efficient MDL procedures in a single Federal District Court.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 456 (2d Cir. 1995) (quoting *Landis v. North Am. Co*., 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936)). The courts should grant a stay to avoid "gross and unjustifiable waste of judicial resources, duplicative efforts of counsel and unnecessary additional expense to their clients … a result [that] is neither in the interests of the litigants nor in the public interest." *Travelers Indem. Co. v. Monsanto Co*., 692 F. Supp. 90, 93 (D. Conn. 1988) (granting stay).

The Rubin Plaintiffs have assented to this motion, and this Court has already granted a stay in a parallel putative class action filed in federal court, which preceded the Rubin Plaintiff's state-court lawsuit.  See *Mizak v. VWGoA*, No. 3:15-CV-01429-VAB, ECF No. 16.  Therefore, VWGoA respectfully requests the Court do the same here and enter an Order staying all proceedings in the above-captioned case pending a decision by the JPMDL, including all requirements under Fed. R. Civ. P. 16 and 26.

**III.     CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's Assented-To Motion to

Stay.

Respectfully submitted,

DEFENDANT,

VOLKSWAGEN GROUP OF AMERICA,
INC.

By___/s/ Paul D. Williams_____
       Paul D. Williams (ct05244)
       Michael Thad Allen (ct29813)
       Day Pitney LLP
       242 Trumbull Street
       Hartford, CT  06103-1212
       (860) 275-0100
       pdwilliams@daypitney.com
       mallen@daypitney.com

Its Attorneys

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on this date, a copy of the foregoing was filed electronically and
served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by
e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone
unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may
access this filing through the Court's CM/ECF System.

_____/s/ Paul D. Williams_____
       Paul D. Williams